**2013 UT App 55**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF A.A.J., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

A.Q.,

*Appellant,*

*v.*

STATE OF UTAH,

*Appellee.*

Per Curiam Decision
No. 20121090-CA
Filed February 28, 2013

Third District Juvenile, Salt Lake Department
The Honorable Frederic M. Oddone
No. 1065105

Julie George, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES DAVIS, VOROS, AND CHRISTIANSEN.

PER CURIAM:

¶1     A.Q. (Mother) appeals the juvenile court's December 12, 2012 order terminating her parental rights. We affirm.

¶2     Mother asserts that there was insufficient evidence that she was an unfit or incompetent parent, and that the juvenile court erred by declining to offer her further reunification services. In

order to overturn the juvenile court's decision as to the sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10– 12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3    Mother asserts that there was insufficient evidence to support the juvenile court's determination that Mother was an unfit or incompetent parent. Mother also asserts that the juvenile court erred in reaching these findings given that the court declined to continue reunification services. Pursuant to section 78A-6-507(1), the finding of neglect, abuse, or that a parent is unfit is alone sufficient to warrant the termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *see also In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790. Section 78A-6-508(2) provides that in determining whether a parent is unfit, a court shall consider whether the habitual or excessive use of intoxicating liquors, controlled substances, or dangerous drugs renders the parent unable to care for the child. *See* Utah Code Ann. § 78A-6-508(2)(c). A parent is not entitled to reunification services for any specified period of time. *See* Utah Code Ann. § 78A-6-314(12)(a). Indeed, "[r]eunification services are a gratuity provided to parents by the Legislature, and [parties] thus have no constitutional right to

receive these services." *In re N.R.*, 967 P.2d 951, 955–56 (Utah Ct. App. 1998).

¶4     The record supports the juvenile court's determination that Mother is an unfit parent and that continued reunification services were unwarranted. Mother has an extensive history of drug abuse that renders her unable to care for A.A.J. Mother received several opportunities for drug treatment, but Mother repeatedly elected to abandon such services. Mother failed to complete multiple drug treatment programs. Mother quit the program at the Odyssey House after one day. Subsequently, Mother asked to be referred to another treatment program. Mother entered the House of Hope but she left the program later the same day. Mother subsequently returned to the House of Hope, but she was not accepted into the program because she tested positive for methamphetamine. Mother also had the opportunity to participate in drug court. However, Mother stopped attending drug court and she was discharged from the program.

¶5     Mother continued to abuse methamphetamine during the time that the termination petition was pending. The juvenile court determined that Mother knew, or should have known, that a positive drug test would weigh heavily against the court's ability to return A.A.J. to her. Despite this, Mother elected to continue to abuse drugs despite repeated opportunities for treatment. Mother fails to demonstrate that the juvenile court erred by determining that she was an unfit parent, or that continued reunification services were unwarranted.

¶6     Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.

————————